IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE E. DIXON (TDCJ No. 1751862), | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:16-cv-1048-G-BN |
| DR. MUHAMMAD E. ZEEM, ET AL., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this duplicative action with prejudice as malicious.

**Background**

Plaintiff Lawrence E. Dixon, a Texas prisoner, who has been granted leave to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), *see* Dkt. No. 8, has sued Dr. Muhammad E. Zeem and Parkland Hospital, alleging that Dr. Zeem prescribed him medication without advising Dixon of possible side effects and that the prescribed medication caused internal bleeding and bladder damage and affected Dixon's ability to urinate and defecate, *see* Dkt. No. 3 at 3-5. Dixon alleges that this occurred when he was in the custody of the Lew Sterrett County

Jail. *See id.* at 7.

This appears to be at least the third time Dixon has brought these claims before this Court. *See Dixon v. Zeem*, No. 3:13-cv-5048-M-BH, 2014 WL 1040549, at *1 (N.D. Tex. Mar. 14, 2014) ("Plaintiff brings this action under 42 U.S.C. § 1983 against Dr. Muhammed A. Zeem, Parkland Hospital, Dallas County, and the Dallas County Jail. He claims that while he was an inmate at the jail, Dr. Zeem prescribed him medications for pain in his foot but negligently failed to advise him about potential side effects. Plaintiff was hospitalized as a result of the side effects, which included an inability to urinate, for several days in November and December of 2011."); *Dixon v. Zeem*, No. 3:15-cv-2448-L-BK, Dkt. No. 11 at 1 (N.D. Tex. Aug. 3, 2015) ("On July 6, 2015, Plaintiff, a state inmate, filed a *pro se* complaint against Dr. Muhammad E. Zeem, the Lew Sterrett Justice Center, and the City of Dallas, asserting that while he was an inmate at the Dallas County Jail in 2011, Dr. Zeem prescribed him pain medication but negligently failed to advise him about potential side effects. Plaintiff was hospitalized for several days in 2011 as a result of the side effects, which included an inability to urinate." (record citations omitted)); *see also* Dkt. No. 3 at 2 (disclosing the 2015 action and indicating that the action was dismissed).

In 2014, the Court dismissed Dixon's complaint with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Dixon*, 2014 WL 1040549, at *4. And in 2015, the Court dismissed his complaint with prejudice as duplicative. *See Dixon*, No. 3:15-cv-2448-L-BK, Dkt. Nos. 14 & 15 (N.D. Tex. Sept. 22, 2015). His appeal of the 2015 judgment was dismissed for want of prosecution. *See id.*, Dkt. No. 19.

**Legal Standards and Analysis**

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

Where the claims presented in a case "are duplicative of claims already asserted and dismissed in [a] previous case" such claims "must be dismissed as malicious" or, alternatively, because they "are also barred by the doctrine of *res judicata*, ... for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cnty., Tex.*, Civil Action No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d)

as malicious." (citations and internal quotation marks omitted)); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

"[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Pittman*, 980 F.2d at 995; quotation modified).

The claims in Dixon's current complaint are duplicative of the claims he made in lawsuits the Court dismissed in 2014 and 2015. As such, the current complaint should "be dismissed as malicious." *Yarborough*, 2011 WL 4736302, at *2.

This dismissal should be with prejudice and count as Dixon's third "strike" (or qualifying dismissal) under the *in forma pauperis* statute as amended by the PLRA, which "revokes prisoners' privileges to proceed i.f.p. if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim." *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996)

(citing 28 U.S.C. § 1915(g)). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

## Recommendation

Dixon's complaint should be summarily dismissed with prejudice as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). This dismissal should count as a third "strike" under the *in forma pauperis* statute.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 26, 2016

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE